### CARRABY vs. DESMARRE & AL.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff sues one of the defendants as purchaser, and the other, sheriff of the parish, as vendor of a tract of land, as the property of Gravier, claimed by the plaintiff as vendee of the latter.

Desmarre insisted on his title as purchaser under an execution, and the other defendant justified under the writ.

There was judgment for them, and the plaintiff appealed.

The appellant rests his title on a notarial

A notarial act relating to real property must still be registered in the office of the judge of the parish in which the property lies. In a sale of land on the Mississippi, when no depth is stated, it becomes a question of intention what depth passes.

7NS661
125    160
125    164

Eastern Dist
*April* 1829.

CARRABY
*vs.*
DESMARRE
& AL.
sale, by Gravier, executed in New Orleans, long before the judgment, on which the execution issued. The land lies in the parish of Pla-quemines, and the sale was never recorded there.

In the act of March 25, 1810, ch. 25, section 7, it is provided that no notarial act concern-ing moveable property, shall have any effect against third parties, until the same shall have been recorded in the office of the judge of the parish, in which such immoveable property is situated. 3 *Martin's Digest*, 140, 7.

But the appellants' counsel urges this section has been repealed by the new Civil Code, 2415, 2417, 3318, & 3521.

The first article cited provides that sales of immoveable property shall be *written*, by au-thentic or private act. Verbal sales shall be null.

The next provides that such sales, by pri-vate act, shall have effect only from the day such a sale was recorded in a *notary's* office, and the delivery of the thing sold took place.

The 3318th article relates to *mortgages* on-ly, not to sales.

The last provides for the repeal of all acts

Eastern Dist.
*April* 1829.

CARRABY
*vs.*
DESMARRE
& AL.

of the legislature for which there is a *special* provision in the new code.

Now, the laws anterior to the code provided for the form and effect of sales. Those of immoveable property were to be *written*—so they must still be under the code. As to the *effects* of *notarial* sales, the three former ones had established a distinction; the notarial had no effect against third parties, until recorded in the office of a notary. *Civ. Code*, 345. *art.* 3·

As to the effect of the notarial act, the new code has no special provision, therefore the 3421st article does not repeal that made by the act of 1810.

As to the effect of the private sale, the new code adds a new requisite, the actual delivery of the property, 2417. So this new *special* provision repeals the corresponding article of the old code.

We therefore conclude, the district judge held correctly that the appellant could not avail himself of his notarial sale for want of a registry.

His counsel further urges that the sheriff's sale, under which the appellees protect themselves, was not recorded. Be that as it may, till

CARRABY
*vs.*
DESMARRE
& AL.

the appellant produced a title, the appellees were not bound to produce any.

Lastly, the appellant's counsel contends, that a party who has no title at all cannot urge the want of registry of the owner's title: and as to all the tract, except the arpent and one half immediately in front of the river, Desmarre is without any title—the sheriff having sold an arpent and one half of land on the Mississippi, without stating any depth.

In sales of land on the Mississippi, the tract is sometimes described by the extent of its front on the river, and the names of the owners of the tracts above and below. Nothing is said of the owner of the land in the rear; because generally the tract extends to another stream, or to an uncultivated swamp. In such a case the ordinary depth of forty arpents is presumed as that which the vendor possessed, unless the contrary appear.

The question is then one of intention as to depth, in the solution of which the court is aided by the situation of the land, and the price for which it was sold.

In the present case we do not think the district court erred, in concluding that the depth

of the tract, as owned before the sale by Gravier passed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for plaintiff—*Denis* for defendant.